IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. Liluma Karzai, and Mohammed Gul | : : : : : | **FILED UNDER SEAL** **PURSUANT TO 31 U.S.C. § 3730(b)(2)** False Claims Act |
| Plaintiffs | : : | Case No. Judge:_____ |
| v. | : : | Next Event: |
| Ahmad Osman Noori, M.D., Reston Nephrology and Hypertension, Azadeh Zahreikohan | : : : : | Medicaid and Medicare Fraud Jury Trial Demanded |
| Defendants | : | |

……………………………………………………………………………………………..

**COMPLAINT**

**QUI TAM COMPLAINT FOR FRAUD, FALSE CLAIMS ACT VIOLATIONS, NEGLIGENCE, TORTIOUS INTERFERENCE, NEGLIGENT MISREPRESENTATION, MEDICAL MALPRACTICE AND DAMAGES**

The United States of America, acting through qui tam relators Liluma Karzai and Mohammed Gul, both residents of Great Falls, Virginia, bring this action under the False Claims Act, 31 U.S.C. §3729 et seq. In addition to the False Claims Act allegations, Mrs. Karzai also brings claims of breach of contract and tort. The defendants in this case are Dr. Ahmad Osman Noori, his business partner Azadeh Zahreikohan, and their private clinic, Reston Nephrology and Hypertension, located in Reston Virginia. This action seeks to recover all damages, penalties, and other remedies established by the False Claims Act, 31 U.S.C. §§ 3729-3733, on behalf of the United States, and damages in tort and contract for Mrs. Karzai.

The False Claims Act is to recover damages and civil penalties on behalf of the United States for fraudulent claims submitted to federally funded healthcare programs, including

Medicare and Medicaid and Blue Cross Blue Shield as a Federal Employees Health Benefits (FEHB) Program.

## FILED UNDER SEAL

Under 31 U.S.C. § 3730(b)(2), this Complaint is being filed under seal and will remain under seal for at least 60 days while the United States government reviews the allegations and determines whether to intervene. The relators are serving a copy of this Complaint and a written disclosure of material evidence on the Attorney General of the United States and the United States Attorney for the Eastern District of Virginia as required by law. Plaintiff will not serve the Defendants until the Court orders the Complaint to be unsealed.

Relators are the original source of the allegations set forth in this Complaint, as they independently discovered and obtained non-public evidence of the fraudulent billing practices alleged herein. Relators' claims are based on their direct and independent knowledge, rather than publicly disclosed information, and they voluntarily disclosed this information to the government at the time of this action.

## PARTIES

1. **Relator Liluma Karzai**, is an individual domiciled at 10704 Sugar Meadow Dr., Great Falls, Virginia, 22066. She was a patient of the defendant, Dr. Ahmad Osman Noori, from 2010 to 2023. During this period, Dr. Noori unlawfully billed the Government via Blue Cross Blue Shield and further falsified Mrs. Karzai's medical records.

2. Dr. Noori further damaged Mrs. Karzai, when in response to her requests by life insurance companies to which Mrs. Karzai had applied, Dr. Noori transmitted records that misrepresented her medical record. These records contained inaccurate information reflecting his fraudulent

medical treatments and billing practices for his personal gain. As a result of these actions, Mrs. Karzai was denied life insurance and living benefits on or about February 27, 2023, by Transamerica and other life insurance companies to which she had applied.

3. Ms. Karzai applied for life insurance and living benefits when she was 52 years old. However, after Dr. Noori's transmittal of the records, Mrs. Karzai received denial after denial. She started to investigate the basis for the denials. In particular, Transamerica's denial was based on chronic heart disease. While she was collecting her records to identify the problem, she aged out of the application process at age 59 and is now unable to apply for the same life insurance and living benefits she had sought, causing her significant damages.   The Plaintiff is filing this complaint against Dr. Noori and his clinic and business partner for Medicare/Medicaid/insurance fraud and added torts and contractual breaches.

4. **Relator Mohammed Gul** is an individual residing at 10704 Sugar Meadow Dr. Great Falls, Virginia, 22066. He and Mrs. Karzai are father and daughter. From 2010 to 2013, he was a patient of Dr. Noori. Mr. Gul is a Medicaid and Medicare recipient.   Dr. Noori illegally charged the government for treatments and services that were never performed. Mr. Gul, as a relator is filing this complaint for the United States against Dr. Noori and his clinic and business partner for Medicare/Medicaid/insurance fraud.

5. **Defendant Ahmad Osman Noori, M.D.**, is a nephrologist domiciled in McLean, Virginia and practice at Reston Nephrology Internal Medicine and Hypertension, located at 1860 Town Center Dr., Suite 280, Reston, Virginia, 20190. He was the primary care doctor for both Plaintiffs from 2010 to 2023. Alongside defendant Azadeh Zahreikohan, he is a shareholder and

3

business partner at the clinic. In addition to his private practice, Dr. Noori is affiliated with INOVA Health System, specifically INOVA Reston Hospital and INOVA Fair Oaks Hospital. Plaintiffs are filing this complaint against Dr. Noori and his clinic and business partner for Medicare/Medicaid/insurance fraud and added torts and contractual breaches.

6. **Defendant Azadeh Zahreikohan**, upon information and belief, Defendant Azadeh Zahreikohan benefited from these fraudulent practices under the False Claims Act (31 U.S.C. §§ 3729-3733) as she is part owner of the property where Reston Nephrology and Hypertension, Dr. Noori's practice is located.

7. **Defendant Nephrology and Hypertension of Virginia, PLLC** is a professional corporation registered with the Commonwealth of Virginia and the business entity used by Defendant Dr. Noori to defraud the government through illegal charges and financially benefit himself and his partner, Defendant Azadeh Zahreikohan.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 31 U.S.C. § 3732(a), as the violations involve false claims presented to the United States government. This Court's subject matter jurisdiction extends over claims herein pursuant to 18 U.S.C. § 1964, 15 U.S.C. §77v, 28 U.S.C. §1331, and 29 U.S.C. §1132(e) because they arise under the laws of the United States.  This court has supplemental jurisdiction under 28 U.S.C. §1367.  This court has personal jurisdiction over the defendants pursuant to 18 U.S.C. §§ 1965(b) and (d).

9. Venue is proper in this Court pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §

1391(b), as the acts complained of occurred within this jurisdiction. All parties are residents of Virginia.

## APPLICABLE LAW

10. Liability under the False Claims Act (FCA), 31 U.S.C. § 3729(a)(1)-(2), attaches to any individual who knowingly submits, or causes to be submitted, a false or fraudulent claim for payment, or makes or uses a false record or statement material to a false or fraudulent claim paid by the government. The Act is further violated if a provider or their staff makes a false statement or uses a false record with the intent to secure payment from the government. The government utilizes the False Claims Act (FCA) to recover losses incurred due to fraudulent claims submitted by providers. This statute is an essential tool for the government to recoup damages resulting from fraud.

11. This action is also brought on behalf of the State of Virginia pursuant to Virginia Medicaid Fraud Prevention Law.

12. Medicaid is a public assistance program for low-income patients.   The state and federal   government share funding for Medicaid.

13. When a federal employee's health insurance is provided through Blue Cross Blue Shield, it falls under the Federal Employees Health Benefits (FEHB) Program. The FEHB Program provides comprehensive health insurance coverage for federal employees, retirees, and their eligible family members. Blue Cross Blue Shield is one of the carriers that participate in this program.

## FACTUAL ALLEGATIONS

### SUMMARY

14. Both Mr. Gul and Mrs. Karzai were Dr. Noori's patients from 2010 to 2023. Dr. Noori was the family's trusted provider, for many years. He treated several members of their family over the years.

15. Mr. Gul is an 85-year-old Medicaid and Medicare recipient.

16. Mrs. Karzai is a 60-year-old, who is covered by Blue Cross Blue Shield under the Federal Employees Health Benefits (FEHB) Program.

17. Dr. Noori consistently billed Medicaid & Blue Cross Blue Shield for services not provided to Mr. Gul and Mrs. Karzai. The false billing started when relators first started being seen by Dr. Noori.

18. On or about May 2023 Mr. Gul submitted a FOIA request to the Centers for Medicare and Medicaid. He received his records on or about June 10, 2023.

19. Mr. Gul reviewed his billing record and identified itemized billing by Dr. Noori for services that were never provided but paid for by Medicaid.

20. Mrs. Karzai requested her medical records from Dr. Noori's office and billing from Blue Cross Blue Shield. She received her medical records from Dr. Noori's office at the end of March 2023, after several requests and finally request by registered mail. She received her billing records from Blue Cross Blue Shield in April 2023.

21. After Mrs. Karzai had both records, matched dates of service with billing and treatment she found that her medical record was falsified.

22. Medical records show billing for services that were never rendered and appointments

during times when Mrs. Karzai was on travel or charges for x-rays when Dr. Noori's office didn't have an x-ray machine. She discovered that Dr. Noori had billed for multiple colonoscopies in one year. In fact, he had never performed a colonoscopy on Mrs. Karzai. Further, if Mrs. Karzai had any health concerns that would warrant many colonoscopies, he would need to refer her to a gastroenterologist.

23. Mrs. Karzai was never referred to any specialist, no cardiologist or gastroenterologist.

24. Dr. Noori knowingly and intentionally submitted fraudulent claims to Medicaid and Blue Cross Blue Shield, for services that were either never provided, misrepresented or up-coded to higher-reimbursement procedures. Relators' billing statements include charges for procedures that were either not performed or were billed multiple times.

25. Mrs. Karzai had initially become suspicious of her medical treatment by Dr. Noori when she tried to apply for life insurance and living benefits in 2023 when she was 58 years of age, knowing the cut-off was age 59.

## PLAINTIFF LILUMA KARZAI
## DENIAL OF LIFE INSURANCE DAMAGES

26. Mrs. Karzai applied for life insurance and living benefits with multiple companies, including Transamerica, and provided HIPAA authorization to them to request her medical records.

27. Defendant Ahmad Osman Noori, M.D., through his medical practice, Reston Nephrology and Hypertension, negligently or intentionally provided incorrect and misleading medical records in response to a request from Transamerica and other insurance companies.

28. As a direct result of receiving these erroneous medical records, Transamerica denied Plaintiff's life insurance application, citing a medical history of coronary artery disease, peripheral vascular disease, arteriosclerosis, and recent onset of angina, which Plaintiff does not have.

29. Plaintiff subsequently discovered the errors in her medical records and requested Defendant, Dr. Noori to correct the records and provide accurate medical history.

30. Despite multiple requests, Defendant Noori failed to correct or amend the records in a timely manner.

31. While collecting her records and seeking corrections, Plaintiff aged out of eligibility for the life insurance policy and living benefits ($400 thousand) to which she had originally applied suffering financial and personal harm as a result.

32. Mrs. Karzai was 58 years old when applied for life insurance and living benefits with multiple companies, including Transamerica. The cut-off age for the life insurance is 59 years old.

33. Four insurance companies denied Mrs. Karzai's application due to poor health Reflected in her medical record. Transamerica's denial letter, received on February 27, 2023, cited "medical history CAD w/peripheral vascular disease, arteriosclerosis, recent onset of angina" as the reason for the denial. Ms. Karzai does not have these diseases.   If she had these diseases, Dr. Noori would be required to refer her to a specialist. Dr. Noori never discussed any such condition with her or referred her to a specialist or cardiologist at any time.

34. Further review of the medical records provided by Dr. Noori revealed more inconsistencies. An echocardiogram showed a slight murmur with regurgitation within normal

limits. However, the Plaintiff never underwent an echocardiogram. The only reference to heart disease is a murmur on or about May 18, 2022. Based on these records, the Plaintiff might have mild heart failure with preserved ejection fraction but is noted to be very mild. There is no evidence of angina or serious cardiac issues. The heart's blood flow appeared normal with some plaque, but nothing requiring intervention.

35. If the murmur from on or about May 18, 2022, were accurate, it would have required emergency hospitalization. Ms. Karzai was not only never hospitalized for heart disease, she was also unaware she had heart disease. The fact remains, that Ms. Karzai does not have heart disease. She did not have heart disease at the time and she does not have heart disease today.

36. The discrepancies between the medical records, and the life insurance companies multiple denial reasons raise questions about the accuracy and completeness of the information provided to the insurance companies.

37. The defendants knowingly made false or fraudulent claims regarding both relators, knowing that the claim was materially false, with the intent to defraud the government, and were compensated. Because of the Defendant's actions, the US government was defrauded and suffered financial damages.

**COUNT I - QUI TAM RELATOR IN THE FALSE CLAIMS ACT**

38. Plaintiffs incorporate by reference all preceding paragraphs.

39. The Defendant knowingly presented false or fraudulent claims for payment to federally funded healthcare programs, including Medicare and Medicaid, in violation of the False Claims Act.

40. Defendant knowingly made false records or statements material to false or fraudulent

claims.

41. The Defendant's conduct was done knowingly, recklessly, or with deliberate ignorance. As a direct and proximate result, the United States government was defrauded and suffered financial damages.

42. Plaintiff, as a qui tam relator, seeks relief on behalf of the United States under the False Claims Act.

## COUNT II – NEGLIGENCE

43. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

44. Defendant Noori owed Plaintiffs a duty of care to accurately maintain and/or transmit their medical records upon request.

45. In the case of Mrs. Karzai, Defendant Noori owed her a duty of care to provide the life insurance companies' accurate records in response to authorized HIPAA requests.

46. Defendants breached this duty to both plaintiffs, by failing to provide accurate Medical records and in the case of Mrs. Karzai by neglecting to correct the errors after being notified.

47. As a direct and proximate result of the Defendant's breach, Mrs. Karzai suffered economic damage, emotional distress, and the loss of a life insurance opportunity.

48. Dr. Noori caused further harm when he failed to remedy his negligence by refusing to correct the records in a timely manner, to still allow Mrs. Karzai to get approved for life insurance before she aged out at 59.

## COUNT III – TORTIOUS INTERFERENCE
## WITH PROSPECTIVE ECONOMIC ADVANTAGE

49. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

50. Plaintiff Karzai had a valid business expectancy in obtaining a life insurance policy.

51. Defendant knew or should have known of this expectancy when responding to the insurer's HIPAA request.

52. By sending incorrect records and subsequently failing to correct them, Defendant improperly interfered with Plaintiff's ability to secure life insurance.

53. Defendant's actions were willful, negligent, and/or reckless, causing Plaintiff's application to be wrongfully denied and leading to her ineligibility due to aging out.

54. As a direct result of Defendant's tortious interference, Plaintiff suffered financial losses, emotional harm, and lost life insurance coverage as well as living benefits.

## COUNT IV - Breach of Confidentiality /
## Invasion of Privacy / Negligent Misrepresentation

55. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

56. Dr. Noori disclosed incorrect medical information that harmed the plaintiff, which constitute a breach of patient confidentiality.

57. Dr. Noori provided incorrect medical records knowing they would be used for an important financial decision (life insurance and living benefits).

58. He had a duty to provide accurate records, and his failure caused foreseeable harm. (denial of insurance, aging out).

## COUNT V - Medical Malpractice (in the alternative)
## Virginia Code § 8.01-581.1

59. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

60. In Virginia, medical malpractice is defined as a healthcare provider's failure to adhere to the appropriate standard of care, resulting in injury to the patient. In Virginia, for purposes of medical malpractice, medical professional's actions encompass actions that arise from the provision of healthcare services, which includes accurate record keeping.

61. Dr. Noori failed to maintain medical records.

62. In the alternative, the incorrect records were the result of negligent record-keeping or improper patient care, which falls under medical malpractice.

63. Dr. Noori has an obligation to his patients for accuracy in medical recordkeeping and if he fails he is exposed to claims for improper disclosure or failure to correct errors.

64. Dr. Noori, as a licensed physician, had a duty to maintain accurate medical records and ensure correct transmission to authorized third parties, such as life insurance companies in the case of Mrs. Kaizer.

65. Dr. Noori deviated from the Standard of Care by providing incorrect medical records and failing to correct errors after being notified is considered a breach of professional standards.

66. Dr. Noori caused great harm and Due to Defendant's fraudulent erroneous medical records, Plaintiff lost the opportunity to obtain life insurance and later aged out of eligibility.

67. This resulted in financial harm, emotional distress, and lost economic opportunity, which can be considered injuries caused by the physician's negligence.

**WHEREFORE, Plaintiff prays for judgment against Defendant as follows:**

a. Compensatory damages in an amount to be determined at trial;

b. Treble damages and statutory penalties under the False Claims Act;

c. Punitive damages as permitted by law;

d. Damages for negligence, including emotional distress;

e. Attorney's fees and costs incurred in bringing this action;

f. Any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: March 24, 2025

> Respectfully submitted,
>
>   /S/ Sherman C. Smith
> Sherman C. Smith VSB#31040
> 11712-C Jefferson Av. #427
> Newport News, VA 23606
> 757 947-4747 / FAX 349-7017
> info@scsmith.org

                    /S/ S. Sarah Shah
                    S. Sarah Shah, D.C. Bar 995094
                    601 Pennsylvania Ave. NW
                    South Building Suite 900
                    Washington D.C. 20004
                    Office:   771-233-1466
                    Cell:     202-792-3322
                    Pro Hac Vice Admission

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this Complaint and written disclosure of substantially all material evidence and information the Relator possesses has been served on the Government in sealed envelopes marked as sealed case at the address below:

    Attorney General of the United States
    919 Pennsylvania Avenue NW
    Washington DC 20530

    U.S. Attorney's Office for the Eastern District of Virginia
    2100 Jamieson Ave.
    Alexandria, Virginia 22314

DATED: March 24, 2025

                    /S/ S. Sarah Shah
                    S.SARAH SHAH